### STATE *v.* NOWELL.

A statute, which provides that a clerk, servant, or agent shall not be excused from testifying against his principal, but that his testimony so given shall not in any prosecution be used as evidence against himself, and that he shall not be thereafter prosecuted for any offence so disclosed by him, does not deprive the witness of the protection afforded by the provision of the Bill of Rights, that no subject shall be compelled to accuse or furnish evidence against himself.

MOTION, for an attachment for contempt in refusing to testify before the grand jury. The respondent testified that he was clerk for one Goodwin. He was then asked whether, as such clerk, he had sold spirituous or intoxicating liquors, and whether Goodwin sold or kept the same for sale. He declined to answer, on the ground that his evidence might tend to criminate himself. The solicitor reported the facts to the court, and moved for an attachment. The respondent contended that, by *art.* 15 of the Bill of Rights, he was not bound to answer, and that Gen. St., *c.* 99, *s.* 20, is unconstitutional.

*Small,* solicitor, for the state.

*Hatch, Page,* and *Harriman,* for the respondent.

SMITH, J. "No subject shall * * * be compelled to accuse or furnish evidence against himself." Bill of Rights, *art.* 15. The common-law maxim (thus affirmed by the Bill of Rights), that no one shall be compelled to testify to his own criminality, has been understood to mean not only that the subject shall not be compelled to disclose his guilt upon the trial of a criminal proceeding against himself, but also that he shall not be required to disclose, on the trial of issues between others, facts that can be used against him as admissions tending to prove his guilt of any crime or offence of which he may then or afterwards be charged, or the sources from which, or the means by which, evidence of its commission or of his connection with it may be obtained. *Emery's Case,* 107 Mass. 172, 181.

The question is, whether the provisions of Gen. St., *c.* 99, *s.* 20, are consistent with the constitutional prohibition above set forth.

The statute is, "No clerk, servant, or agent of any person accused of a violation of this chapter shall be excused from testifying against his principal, for the reason that he may thereby criminate himself; but no testimony so given by him shall, in any prosecution, be used as evidence, either directly or indirectly, against him, nor shall he be thereafter prosecuted for any offence so disclosed by him." The legislature, having undertaken to obtain the testimony of the witness without depriving him of his constitutional privilege of protection, must relieve him from all liabilities on account of the matters which he is compelled to disclose; otherwise, the statute would be ineffectual. He is to be secured against all liability to future prosecution as effectually as if he were wholly innocent. This would not be accomplished if he were left liable to prosecution criminally for any matter in respect to which he may be required to testify. *Emery's Case*, 182. Under a statute of Massachusetts, which provided that no person should be excused from testifying to any corrupt practice or improper conduct of the state police, on the ground that his answers might tend to criminate himself or to disgrace him, or otherwise render him infamous, and also provided that the testimony of no such witness should be used against him in any civil or criminal proceeding, it was held that the statute did not afford full indemnity to the witness, because he still remained liable to prosecution criminally for any matters in respect to which his testimony might relate. *Emery's Case*, 185.

If our statute went no further in this respect, that case would be directly in point. But it provides not only that the testimony of the clerk, servant, or agent shall not be used as evidence against the witness, but also that he shall not be thereafter prosecuted for any offence so disclosed by him. This provision has the effect to except from the operation of the statute all clerks, servants, and agents, upon their testifying against their principals. The conditional exemption becomes absolute when the witness testifies; and, being no longer liable to prosecution, he is not compelled, by testifying, to accuse or furnish evidence against himself.

It is objected, that the respondent may be called on to defend against prosecutions instituted against him in violation of the statutory prohibition that he shall not be prosecuted for any offence so disclosed by him; and that unless he can prove (1) that he had disclosed the same offence (2) on a lawful occasion, (3) and that he was in fact the clerk, servant, or agent of the person accused, he may be convicted; or (4) that he may be compelled to meet the charge that he was in fact principal and not servant. It is true, that a witness who discloses may afterwards be wrongfully prosecuted for the offence disclosed, notwithstanding the statutory exemption. But the witness has, under the statute, all the protection which the common-law right, adopted by the Bill of Rights in its common-law sense, gives him. The constitutional privilege of the witness protects, not another person against whom the witness testifies, but the witness himself. The legal protection of the witness against prosecution for crime disclosed

by him is, in law, equivalent to his legal innocence of the crime disclosed. So far as his constitutional right is concerned, the case is as if the express provision of the statute were, that a clerk, servant, or agent, testifying against his principal, is not guilty of such violations of chapter 99 as he discloses. The witness, regarded in law as innocent if prosecuted for a crime which he has been compelled by the statute to disclose, will stand as well as other innocent persons; and it was not the design of the common-law maxim, affirmed by the Bill of Rights, that he should stand any better.

Were the case, put by the respondent, to occur, improbable as it may seem, he could plead and show that he had disclosed the same offence upon a lawful accusation against his principal, and thus make a perfect answer in bar or abatement of the prosecution against himself. Having testified, there would be as to him no statute authorizing a prosecution. Not only would his testimony against his principal be excluded if offered, but the indictment would be dismissed, or a verdict ordered in his favor.

The further objection is made, that the principal cannot be said to be accused until an indictment or formal complaint has been brought against him. In theory, the indictment is prepared and laid before the grand jury by the prosecuting officer before the evidence is introduced, and the jury is called upon to find, after hearing the evidence, whether the bill is or is not true. Because in practice the evidence is generally introduced first, and the bill is subsequently drawn to meet the facts disclosed, the nature of the proceeding is not thereby changed. The person is no less accused, in the sense in which the word is understood.

It is also objected, that the witness is not bound to answer, because his evidence may tend to degrade him; but this doctrine of the common law it must be competent for the legislature to change—*People* v. *Hackley*, 24 N. Y. 83; and that it has done by the provisions of Gen. St., *c.* 99, *s.* 20.

Unless the witness shall testify, the motion for the attachment must be granted.

*Case discharged.*

STANLEY, J., did not sit.